SCOTT N. SCHOOLS (S.C. BN 9990)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
JONATHAN U. LEE (SBN 148792)
Assistant United States Attorney

    450 Golden Gate Avenue, 9th Floor
    San Francisco, California 94102-3495
    Telephone:  (415) 436-6909
    Facsimile:  (415) 436-6748
    Email:  jonathan.lee@usdoj.gov

Attorneys for Federal Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID MCKEW, | No. C 07-3620 EDL |
| Plaintiff, | **E-FILING CASE** |
| v. | **MOTION TO DISMISS** |
| SAN FRANCISCO MUNICIPAL RAILWAY; UNITED STATES POSTAL SERVICE; MELVIN WASHINGTON. | Date: September 4, 2007<br>Time: 2:00 p.m.<br>Place: Courtroom E, 15th Floor |
| Defendants. | |

## NOTICE OF MOTION

TO PLAINTIFF AND TO HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on September 4, 2007, at 2:00 p.m., in the Courtroom of the Honorable Elizabeth D. Laporte, United States Magistrate Judge, Courtroom E, 15th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, California, the United States of America, represented by the United States Attorney for the Northern District of California, through Jonathan U. Lee, Assistant United States Attorney, will move this Court for an order dismissing the complaint against it pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The motion will be based on this motion and memorandum of points and authorities, any evidence offered in support of the motion including the Declaration of Gwendolyn E. Murray

, the arguments of the parties, and such other matters as may be presented to or considered by the Court.

### RELIEF SOUGHT BY DEFENDANTS

Defendant United States of America moves for dismissal without prejudice because the plaintiff has not exhausted his administrative remedies, as required by the Federal Tort Claims Act.

### ISSUE TO BE DETERMINED

Whether plaintiff's action can proceed given his failure to exhaust administrative remedies.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF FACTS

On May 30, 2007, plaintiff David McKew filed his complaint in the San Francisco Superior Court. The complaint alleges that the plaintiff was injured due in part to the negligence of an employee of the United States Postal Service ("USPS") acting in the scope of his employment. The complaint alleges that the plaintiff presented a claim as required by applicable claims statutes (in the case of the USPS, the Federal Tort Claims Act ("FTCA")) and that the claim was denied.

Plaintiff's claim against the USPS was made on February 9, 2007 and it remains open for adjudication purposes. See Declaration of Gwendolyn E. Murray at ¶¶3-5.

### II. ARGUMENT

**I.    Standards Under Rule 12(b)(1)**

A Rule 12(b)(1) motion can either attack the sufficiency of the pleadings to establish federal jurisdiction or challenge the substance of the jurisdictional allegations despite the formal sufficiency of the complaint. Thornhill Publ. Co. v. Gen'l Tel. & Electronics Corp., 594 F.2d 730, 733 (9th Cir. 1979). Where defendant challenges the actual lack of jurisdiction, as in this case, plaintiff's allegations are not presumed to be truthful, and plaintiff has the burden to prove that jurisdiction exists. Tosco Corp. v. Communities for a Better Environment, 236 F.3d 495, 499 (9th Cir. 2001); Thornhill Publ. Co., Inc., 594 F.2d at 733. Plaintiff must do so by presenting admissible evidence to satisfy his burden. Ass'n of Am. Medical Colleges, v. United States, 217

1  F.3d 770, 778 (9th Cir. 2000); St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir.1989), cert.
2  denied, 493 U.S. 993 (1989).  Thus, the Court is presumed to lack subject matter jurisdiction
3  until plaintiff proves otherwise.  Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225
4  (9th Cir. 1989); Calif. Ex rel. Younger v. Andrus, 608 F.2d 1247, 1249 (9th Cir. 1979).  In sum,
5  plaintiff has the burden of proving jurisdiction in order to survive a motion to dismiss.

6        This Court can resolve factual disputes, if necessary, to determine whether jurisdiction
7  exists.  See, e.g., Dreier v. United States, 106 F.3d 844, 847 (9th Cir. 1997); Thornhill Publ. Co.,
8  Inc., supra.  "The district court obviously does not abuse its discretion by looking to this extra
9  pleading material in deciding the issue [of subject matter jurisdiction] even if it becomes
10 necessary to resolve factual disputes."  St. Clair, 880 F.2d at 201.  The district court's findings of
11 fact must be accepted unless clearly erroneous.  See, e.g., Ass'n of Am. Medical Colleges, 217
12 F.3d at 778; La Reunion Francaise SA v. Barnes, 247 F.3d 1022, 1024 (9th Cir. 2000); United
13 States ex rel Newsham v. Lockheed Missiles & Space Co., 190 F.3d 963, 968 (9th Cir. 1999),
14 cert. denied, 530 U.S. 1203 (2000).  Thus, it is error to treat a Rule 12(b)(1) motion as one for
15 summary judgment, or apply summary judgment standards.  Dreier, 106 F.3d at 847.

16       Here, plaintiff's complaint must be dismissed because he has not shown that he has
17 complied with the jurisdictional requirements for a tort action against the United States of
18 America.

**B.    The Court Lacks Subject Matter Jurisdiction.**

20       An action under the FTCA requires that the plaintiff first exhaust his administrative
21 remedies.  28 U.S.C. § 2675(a) provides in pertinent part:

22     **(a)**  An action shall not be instituted upon a claim against the United States for
23     money damages for injury or loss of property or personal injury or death caused by
24     the negligent or wrongful act or omission of any employee of the Government
25     while acting within the scope of his office or employment, unless the claimant
26     shall have first presented the claim to the appropriate Federal agency and his
27     claim shall have been finally denied by the agency in writing and sent by certified
28     or registered mail.

28 U.S.C. § 2675(a).  "The claim requirement of section 2675 is jurisdictional in nature and may not be waived." Burns v. United States, 764 F.2d 722 , 723 (9th Cir. 1985).

"Section 2675(a) establishes explicit prerequisites to the filing of suit against the Government in district court.  It admits of no exceptions." Jerves v. U.S., 966 F.2d 517, 521 (9th Cir. 1992).  Where a plaintiff has not exhausted the administrative claims procedure required under the FTCA, plaintiff's complaint must be dismissed for lack of subject matter jurisdiction. McNeil v. United States, 508 U.S. 106 (1993).  "28 U.S.C. § 2675(a) specifies that a suit may not be instituted against the United States unless it is first presented to the appropriate federal agency and either finally denied or permitted to languish for six months without resolution.  This claim requirement is jurisdictional in nature and may not be waived." Spawr v. United States, 796 F.2d 279, 280 (9th Cir. 1986).

Here, under the limited waiver of sovereign immunity in the FTCA, plaintiff cannot institute this action until six months have passed after the filing of his claim.  Accordingly, his complaint must be dismissed for lack of subject matter jurisdiction.

### III. CONCLUSION

Because the plaintiff has not met the prerequisites for bringing a Federal Tort Claims Act suit against the United States, the complaint must be dismissed without prejudice.

Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

Dated: July 27, 2007

/s/ Jonathan U. Lee
JONATHAN U. LEE
Assistant United States Attorney